## 315

**No. 49416.**—Petition 6363–R of Waltham Watch Co. (Boston).

Opinion by OLIVER, P. J. A witness for the petitioning company testified that he checked the prices after the shipment in question had been made to see that the values of watch jewels were correctly represented; that many of the items came through at prices higher than on the original order and that the petitioner, when so advised, paid duty on the increased value basis; that at the time of entry the petitioner did not have information indicating that certain other items should have been entered at higher prices than invoiced. From the record presented the court was satisfied that the entry was made without intention to defraud the revenue of the United States or to conceal or misrepresent the facts. The petition was therefore granted.

**No. 49417.**—Petition 6296–R of W. T. Grant Co. (New Orleans).

Opinion by OLIVER, P. J. Petition was dismissed.

**No. 49418.**—Protests 874793–G, etc., of Armand Schwab & Co., Inc. (New York)

Opinion by TILSON, J. From the record it was found that certain of the merchandise consists of hats of ramie similar to those involved in Abstract 47291. Other items consist of hemp hats similar to those involved in *United States* v. *Armand Schwab* (30 C. C. P. A. 72, C. A. D. 218) and still others consist of hemp knotted straw hats similar to those involved in Abstract 46497. Upon the established facts and following the cited authorities certain of the items as set forth in this decision were held dutiable at only 25 percent ad valorem under paragraph 1504 (b) (1), as claimed.

**No. 49419.**—Protests 856660–G, etc., of F. Blumenthal & Co. (New York).

Opinion by TILSON, J. The record showed that certain items consist of hats similar to those involved in *United States* v. *Armand Schwab* (30 C. C. P. A. 72, C. A. D. 218) and that others consist of hemp knotted straw hats similar to those involved in Abstract 46497. On the established facts and following the cited authorities certain of the items, as set forth in decision herein, were held dutiable at 25 percent ad valorem under paragraph 1504 (b) (1) as claimed.